JACOB C. BRUNER, plaintiff in error *v.* JAMES M. INGRAHAM, defendant in error.

*Error to the Municipal Court of the City of Alton.*

Where B. instituted a suit against I. by capias, and held the defendant to bail; and the Court, on motion, discharged the bail, but rendered judgment for the plaintiff for the amount of his demand: *Held,* that the plaintiff could not bring a writ of error to reverse the decision of the Court discharging the bail. *Held,* also, that the defendant in error should have demurred to the assignment of error; yet, that notwithstanding he had joined in error, the Court would not, by affirming the judgment, subject the defendant to the costs of the Supreme Court; but would dismiss the writ of error.

A motion to discharge bail, is addressed to the sound discretion of the Court; and its decision upon such a motion, cannot be assigned for error.

THIS cause was heard in the Court below, at the April term, 1838, before the Hon. Wm. Martin.

G. T. M. DAVIS, for the plaintiff in error.

A. W. JONES, for the defendant in error.

WILSON, Chief Justice, delivered the opinion of the Court:

The plaintiff sued the defendant in the Municipal Court of the City of Alton, and held him to bail on the ground of his being a non-resident. On the trial of the cause, the Court discharged

(1) 7 Wheat. 104.          (2) Gallison 62.

the bail on motion of the defendant's counsel, and rendered judgment for the plaintiff for the full amount of his demand. The plaintiff is satisfied with the judgment of the Court upon the merits, but seeks to reverse the decision upon the motion to discharge the bail. It is unnecessary to enquire into the propriety of this decision, as it is one over which this court has no supervision. The motion to discharge the bail was addressed to the discretion of the Court. The decision, therefore, upon that motion, cannot be assigned for error. Some embarrassment, however, is produced in the disposition of this case, in consequence of the defendant's having joined the assignment of error, in place of demurring to it, as would have been the correct practice. We cannot, in justice to the defendant, who does not come voluntarily into Court, affirm the judgment, and thereby subject him to costs. The only course, therefore, which we can adopt to avoid such a result, is to dismiss the cause, because error will not lie from the decision complained of. It was upon a point collateral to, and in no way growing out of, or connected with, the merits of the subject matter of the suit, that the decision was made.

The cause is dismissed at the costs of the plaintiff.

*Writ of error dismissed.*